UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

M.L.E. MUSIC
SONY/ATV TUNES, LLC,
ROD STEWART, and
HAMPSHIRE HOUSE PUBLISHING CORP.,

     Plaintiffs,

v.                                                    Case No. 8:06-cv-1902-T-17-EAJ

JULIE ANN'S, INC. and
JULIE ANN BIBLE,

     Defendants.

_____/

## ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on Plaintiff's Motion for Summary Judgment filed

November 29, 2007 (Dkt. 13); response thereto (Dkt. 21); and reply (Dkt. 24). For the

reasons set forth below, the Plaintiffs' Motion for Summary Judgment against Defendants is

**GRANTED**. The following are the undisputed facts of this case.

## FACTS

The American Society of Composers, Authors and Publishers ("ASCAP"), a

performing rights licensing organization, of which all Plaintiffs are presently members,

contacted Defendants, the corporation and owner of Pegasus Lounge in Tampa, Florida, to

advise them of the need for an ASCAP license if Defendants wished to publicly perform

Plaintiffs' copyrighted musical compositions at their establishment (Dkt. 13). ASCAP

contacted Defendants initially on September 2002, both personally and through written

correspondence, and continued to do so on numerous occasions upon commencement of the

suit (Dkt. 13). ASCAP also warned Defendants that the public performance of copyrighted musical compositions, without an ASCAP license or the copyright owner's permission, constitutes copyright infringement in violation of federal law. Frustrated by Defendants' refusal to purchase a license, ASCAP, on behalf of Plaintiffs, sent a private investigator to Pegasus Lounge in order to observe Defendants' potential copyright infringing acts (Dkt. 21). On the night of May 3-4, 2006, the private investigator noticed Defendants' patrons performing Plaintiffs' copyrighted songs on a karaoke machine (Dkt. 13). The person conducting the karaoke entertainment was Raymond Miller, the Defendants' agent who also owned the karaoke equipment (Dkt. 21).

Plaintiffs filed a complaint against Defendants on October 16, 2006, alleging four causes of action for copyright infringement based on Defendants' public performance of the copyrighted musical compositions (Dkt. 1). They claim that on the evening of May 3-4, 2006, each of the four songs in question were performed for profit and without their permission at Pegasus Lounge, thereby violating Plaintiffs' rights under the United States copyright laws. 17 U.S.C. §§ 101-810. Plaintiffs request an order enjoining Defendants from continuing to infringe upon Plaintiffs' copyrights with respect to the compositions at issue and any related copyrights pursuant to 17 U.S.C. § 502(a). Plaintiffs additionally request an award of $24,987.08 against Defendants, which consists of $12,000.00 in statutory damages and $12.987.08 in reasonable attorneys' fees and costs pursuant to 17 U.S.C. §§ 504(c)(1) and 505 (Dkt. 13).

## STANDARD OF REVIEW

Summary judgment is appropriate when the facts properly supported by the record and taken in the light most favorable to the non-moving party "show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Copr.*, 475 U.S. 574, 587 (1986). The Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

"The opposing party must counter the moving party's affidavits with opposing affidavits or other competent evidence setting forth specific facts to show that there is a genuine issue of material fact for trial. Mere allegations are insufficient." *United States v. An Article of Drug*, 725 F.2d 976, 984-85 (5th Cir. 1984). "Factual disputes that are irrelevant or unnecessary will not be counted." *Liberty Lobby*, 477 U.S. at 242. Once the movant meets the initial burden of demonstrating the absence of a genuine issue of material fact, summary judgment is appropriate if the non-movant fails to making a showing to establish the existence of an element essential to its case, which it has the burden of proof at trial. *Celotex*, 477 U.S. at 322.

## DISCUSSION

Anyone who publicly performs a copyrighted musical work without permission or a license from its owner commits copyright infringement. 17 U.S.C. §§ 106(4), 501(a). To prevail on a *prima facie* copyright infringement claim, the plaintiff must prove three

3

elements: (1) ownership of a valid copyright in the work and (2) public performance of the work by the defendant (3) without authorization from the plaintiff. *See, e.g., Morley Music Co. v. Café Continental, Inc.,* 777 F. Supp. 1579, 1582 (S.D. Fla. 1991); *Nick-O-Val Music Co., v. P.O.S. Radio, Inc.,* 656 F. Supp. 826, 828 (M.D. Fla. 1987). "Once a plaintiff has proven that he or she owns the copyright on a particular work, and that the defendant has infringed upon those 'exclusive rights,' the defendant is liable for the infringement and this liability is absolute." *Cass County Music Co. v. C.H.L.R., Inc.,* 88 F.3d 635, 637 (8th Cir. 1996) (quoting *Pinkham v. Sara Lee Corp.,* 983 F.2d 824, 829 (8th Cir. 1992)).

It is undisputed that Plaintiffs own a valid copyright for the musical compositions at issue. Whether Plaintiffs provided sufficient evidence to meet the remaining elements for a *prima facie* case of copyright infringement is in dispute. Defendants claim Plaintiffs failed to show that Defendants publicly performed their copyrighted musical works. Further, they assert that summary judgment is inappropriate where there remains a genuine issue of material fact as to whether the owner of the karaoke machine operated under a license authorizing it to perform Plaintiffs' musical works. In contrast, Plaintiffs argue that because the existence of a license creates an affirmative defense to a claim of copyright infringement, *I.A.E., Inc. v. Shaver,* 74 F.3d 768, 775 (7th Cir. 1996), the burden is on the Defendants to plead and prove the defense. Fed. R. Civ. P. 8(c). Since Defendants failed to meet this burden and because they neither asserted the defense in their Answer nor raised the issue until they filed their Response to Plaintiffs' Motion for Summary Judgment, Plaintiffs maintain that the burden should not be shifted upon them to make a showing that a valid license exists. Plaintiffs contend they met their initial burden in showing that Defendants' performance was unauthorized because Defendants have yet to introduce any evidence of a

license or other permission given to the operator of the karaoke machine. Under the doctrine of vicarious liability, Plaintiffs argue that Defendants bear the burden of demonstrating that their own employee or independent contractor was licensed to perform the songs in suit.

The record contains undisputed sufficient evidence of infringing acts to warrant summary judgment. To prevail, Plaintiffs must meet the requirements for a *prima facie* case of copyright infringement. Defendants claim that Plaintiffs failed to bring forth evidence that Defendants publicly performed the musical compositions at issue. This contention is without merit. Section 106(4) of the Copyright Act gives copyright owners the exclusive right to publicly perform their copyrighted works or to authorize the performance to other parties. "The Act broadly defines 'perform' to include the rendition or playing of a work 'either directly or by means of any device or process.'" *Int'l Korwin Corp. v. Kowalczyk*, 855 F.2d 375, 378 (7th Cir. 1988). The logical interpretation of "public performance" is a performance at a place open to the public. Even if a proprietor is unaware of the violation, he is generally liable if his entertainers or employees perform copyrighted works. *Id.* Additionally, an owner who maintains sufficient control over its business can be held liable for any infringing acts that occur there. *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (1987). Since Defendants own and operate Pegasus Lounge and are responsible for determining its music policy, Defendants exercised sufficient control over the establishment to hold them legally responsible for any copyright infringement that might occur there.

Defendants also claim they cannot be held liable because they did not personally perform the songs. Even so, it is not necessary for Defendants specifically to perform the songs in order to be held liable for copyright infringement. "Liability may be imposed under

theories of vicarious liability or contributory infringement." *Cass County Music Co. v. Khalifa*, No. 96-7171, 1996 WL 560748, at \*2 (2d Cir. Oct. 3, 1996) (citing *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). A corporation or individual is held vicariously liable "for copyright infringement if he: '(1) has the right and ability to supervise the infringing activity, and (2) has a direct financial interest in such activities.'" *Broadcast Music, Inc. v. H.S.I., Inc.*, No. C2-06-482, 2007 WL 4207901 at \*3 (S.D. Ohio Nov. 26, 2007) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)). Defendants admitted they had a financial interest in the public performances on the night of May 3-4, 2006. Because Defendants benefited from the performances and admitted they owned, controlled, managed, and operated Pegasus Lounge, they are vicariously liable for the infringement. Therefore, Plaintiffs met their burden in providing sufficient evidence to establish that Defendants publicly performed their copyrighted musical compositions.

In *Broadcast Music, Inc. v. Coco's Dev. Corp.*, No. 79-CV-391, 1981 WL 1364, at \*1 (N.D.N.Y. April 9, 1981), the defendant, the owner and operator of a restaurant, hired a disc jockey to entertain its patrons; however, the defendant failed to obtain permission to publicly perform for profit copyrighted songs. Similar to the present case, the defendant stated that he assumed it was the disc jockey's responsibility to pay any required fees. The court entered summary judgment for the copyright owners, holding that the defendant's allegations "even if established at trial, are insufficient to escape liability for the infringing performances." *Id.* In other words, because the defendant's allegations failed to raise questions concerning facts material to the defendant's liability under the copyright law, they are insufficient to defeat a motion for summary judgment.

Here, it is also undisputed that Defendants failed to enter into a license agreement with ASCAP authorizing the public performance of its member's copyrighted musical compositions. In response to Plaintiffs' request for admissions, Defendants admitted that it did not have permission by ASCAP to publicly perform for profit any of the songs. In addition, Defendants failed to bring forth evidence that the karaoke operator had a license to perform Plaintiffs' copyrighted songs. The non-moving party "may not rest upon its mere allegations", Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324, but must present "'significant probative evidence'" that shows there is more than "'some metaphysical doubt as to the material facts.'" *H.S.I.*, 2007 WL 4207901 at *2 (quoting *Moore v. Philip Morris Cos.*, 8 F.3d, 335, 339-40 (6th Cir. 1993)). Defendants' mere assertion that the karaoke operator could have obtained authorization to play Plaintiffs' musical works is insufficient to preclude summary judgment. Defendants had ample time to investigate whether or not the karaoke operator operated under a license or was granted permission to play the songs prior to filing their answer. Defendants have the burden of proving the existence of authorized use, *Shaver*, 74 F.3d at 775, and should have asserted the affirmative defense at the time they filed their answer. Summary judgment should be granted where Defendants merely allege, without providing evidence, that their agent obtained a license to play Plaintiffs' copyrighted songs. Thus, Plaintiffs' met their initial burden of proof in showing that Defendants' public performance of its copyrighted musical works was unauthorized. When questions are raised concerning facts material to a defendant's liability under the copyright law, a motion for summary judgment is defeated. *Coco's Dev. Corp.*, 1981 WL 1364 at *1. Defendants, however, failed to show that a genuine issue of material fact exists with regard to their liability. Plaintiffs met their initial burden in showing the absence of a genuine issue

of material fact. Where, as here, material facts are not in dispute, Plaintiffs are entitled to summary judgment.

Plaintiffs ask the court to enjoin Defendants from further copyright infringement. The Copyright Act, at 17 U.S.C. § 502(a), provides for the entry of injunctive relief:

> Any court having jurisdiction of a civil action arising under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

Since Defendants received several notices from ASCAP to obtain a license, and after failing to do so, they nevertheless continued such performances without permission in violation of the Copyright Act, injunctive relief is appropriate here to prevent and deter future acts of infringement. *See, e.g., Chi-Boy Music v. Charlie Club, Inc.,* 930 F.2d 1224 (7th Cir. 1991); *Canopy Music, Inc., v. Harbor Cities Broadcasting, Inc.,* 950 F. Supp. 913, 915-16 (E.D. Wis. 1997); *Coleman v. Payne,* 698 F. Supp. 704, 706-07 (W.D. Mich. 1988); *Flyte Tyme Tunes v. Miskiewicz,* 715 F. Supp. 919 (E.D. Wis. 1989); *Milene Music, Inc. v. Gotauco,* 551 F. Supp. 1288 (D. R.I. 1982); *Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 908 (D. Conn. 1980).

In addition to permanent injunctive relief, Plaintiffs seek and are entitled to statutory damages together with reasonable attorneys' fees. 17 U.S.C. §§ 504, 505. "In the context of copyright law: willfully means with knowledge that the defendants conduct constitutes copyright infringement." *H.S.I.,* 2007 WL 4207901 at *4. It is undisputed that Defendants willfully committed a violation of the Copyright Act since ASCAP repeatedly notified and warned Defendants that publicly performing copyrighted works without a license constituted copyright infringement. Consequently, Plaintiffs urge the Court to award $12,000.00 in statutory damages ($3,000.00 per infringement), contending that the amount is appropriate

8

in light of the $3,375.46 in license fees saved by the Defendants plus the $774.49 in investigative costs incurred by Plaintiffs in establishing the infringing activity. However, pursuant to the Copyright Act, it is within the court's discretion to set statutory damages within specified limits. *Morley Music Co. v. Dick Stacey's Plaza Motel, Inc.*, 725 F.2d 1 (1st Cir. 1983). Factors that can be considered include "the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendant's conduct, and the infringers' state of mind whether willful, knowing, or merely innocent." *Boz Scaggs Music*, 491 F. Supp. at 914.

Although Defendants' infringing conduct was undisputed, knowing, and intentional, Plaintiffs' method of calculating statutory damages is flawed and inconsistent with the underlying purpose of the Copyright Act. The *H.S.I.* Court was not convinced that a song-by-song metric was an appropriate method of calculating statutory damages. *H.S.I.*, 2007 WL 4207901 at *4. "Measuring damages by the number of infringements permits Plaintiffs to ramp-up the punishment arbitrarily, independent of the underlying harm." *Id.* Instead, unpaid licensing fees are a preferred method of calculating statutory damages and "actually provide a superior yardstick than total infringements." *Broadcast Music, Inc. v. Star Amusements*, 44 F.3d 485, 488 (7th Cir. 1995). The monetary loss suffered by Plaintiffs was $3,375.46 in unpaid licensing fees, not the "incremental harm" from the unauthorized karaoke performances. *H.S.I.*, 2007 WL 4207901 at *4. Many courts have measured statutory damages based on some multiple of unpaid fees instead of by the number of infringements. *Id.; see, e.g., Kowalczyk*, 855 F.2d at 383 (awarding statutory damages of three times the unpaid licensing fees); *Broadcast Music, Inc., v. Xanthas, Inc.*, 855 F.2d 233 (5th Cir. 1988) (awarding three times the unpaid fees over four years); *Chi-Boy Music*, 930

F.2d at 1227 (awarding three times the licensing fees). Considering the fact that Defendants were on notice of their infringing conduct for four years and in refusing to obtain a license, Defendants saved $3,375.46 in license fees over that period. statutory damages of three times the unpaid fees is appropriate and consistent with Plaintiffs' loss and in deterring future violations. As such, the Court awards Plaintiffs $10,126.38 plus $774.49 in investigative costs, for a total of $10,900.87 in statutory damages.

Plaintiffs also seek an award of $12,587.50 in attorneys fees and $399.58 in costs in prosecuting this action. Under the Copyright Act, it is within the court's discretion to award reasonable attorneys fees. 17 U.S.C. § 505. The factors to consider in calculating attorneys fees include the frivolousness of the suit, motivation of the litigants, objective unreasonableness in the factual and legal components of the case, and the need to advance compensation and deterrence. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 535 (1994). Since the infringements in this action were intentional and deliberate and resulted in Plaintiffs taking necessary legal action, the fees and costs incurred were both reasonable and necessary. As such. the Court awards $12,987.08 in attorneys' fees and costs.

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment (Dkt. 13) is **GRANTED**. Accordingly, it is

**ORDERED** that (1) the Clerk of the Court is directed to enter judgment in favor of Plaintiffs in the amount of **$10,900.87** in **STATUTORY DAMAGES**; (2) Plaintiffs recover **ATTORNEYS FEES** in the amount of **$12,987.08**, plus costs and disbursements of this action. as provided by law; and (3) Defendants and all persons acting under its direction. control. permission or authority be and are hereby permanently **ENJOINED** from publicly performing Plaintiffs' copyrighted music without a license for which judgment is hereby

entered, or from causing or permitting said compositions to be publicly performed in Defendants' establishment, Pegasus Lounge, or in any place owned, controlled, or conducted by Defendants. Further, the Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this _____ 9th ____ day of June, 2008.

THE HONORABLE ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record

11